# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RUBEN MORALES MORALES,

     *Plaintiff*,

    v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

     *Defendants*.

Misc. Action No. 25 - 20 (LLA)

## MEMORANDUM OPINION

Petititioner Ruben Morales Morales, proceeding pro se, seeks a protective order barring the U.S. Department of Homeland Security ("DHS") and "Federal, State, and Local Enforcement Agencies" from "harming," "harass[ing]," or "persecut[ing]" him, and to "stop the disclosure of personal information without [a] warrant or [judicial] order issue[d] . . . after a Gran[d] Jury verdict decision for probable cause." ECF No. 1, at 1-2. Mr. Morales asserts that he is "currently in [the] immigration process with an Immigration Court" and requests that the court "protect the process of his legal humanitarian petition . . . from any interactions or actions in bad faith" by Respondents. *Id.* at 4. Because Mr. Morales has not raised cognizable claims over which this court has jurisdiction, the court will sua sponte dismiss the case. *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam) (explaining that "a district court may dismiss a complaint sua sponte prior to service on the defendants when, as here, it is evident that the court lacks subject-matter jurisdiction").

Mr. Morales invokes Federal Rule of Civil Procedure 26(c), 22 C.F.R. § 224.24, D.C. Code § 1-204.31, "HR85,"[1] and the Fourth Amendment in support of his motion. ECF No. 1, at 1-4. However, none of these authorities provide a "plausible basis for invoking this Court's jurisdiction to enter an omnibus 'protective order' barring Respondents from harming [him] in any way." *Maye Torrez v. U.S. Dep't of Homeland Sec.*, No. 25-MC-30, 2025 WL 1897824, at \*1 (D.D.C. May 6, 2025) (dismissing an identical motion for lack of subject-matter jurisdiction); *see De Leon Nicanor v. Dep't of Homeland Sec.*, No. 25-MC-21 (D.D.C. May 6, 2025), ECF No. 4 (same). Rule 26(c) "permits the federal courts to regulate discovery only in cases that are otherwise properly pending in federal court," and 22 C.F.R. § 224.24 provides for protective orders in certain administrative proceedings; neither confers jurisdiction on this court to regulate immigration proceedings. *Maye Torrez*, 2025 WL 1897824, at \*1. D.C. Code § 1-204.31 vests jurisdiction in the District of Columbia's local courts to adjudicate cases brought under District law, but it also has no bearing on this court's jurisdiction.[2] And Mr. Morales's generic descriptions of the Fourth Amendment, *see* ECF No. 1, at 3-4, are not sufficient to raise a justiciable claim, as this court "lacks Article III jurisdiction to adjudicate an abstract and undefined Fourth Amendment claim," *Maye Torrez*, 2025 WL 1897824, at \*2.

---

[1] Mr. Morales appears to refer to legislation introduced in, but not passed by, the 118th Congress. *See* H.R. 85, 118th Cong. (2023). A bill that has not been enacted cannot confer jurisdiction on federal courts.

[2] To the extent that Mr. Morales "seeks relief regarding an ongoing immigration proceeding, []he must satisfy the jurisdictional rules set forth in the Immigration and Nationality Act ('INA')." *Maye Torrez*, 2025 WL 1897824, at \*1; *see* 8 U.S.C. § 1252 (limiting judicial review over orders of removal). Here, Mr. Morales does not challenge any order of removal or other specific agency action that this court has jurisdiction to enjoin. *See* ECF No. 1.

Accordingly, and for the foregoing reasons, the court will dismiss Mr. Morales's Motion for Protective Order and Stop of Persecution, Harassment and Disclosure of Private Information, ECF No. 1. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date: November 20, 2025